# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ROBERT HALL, et al.,

                    Plaintiffs,

v.

                                      Case No. 15-11428

PLASTIPAK, et al.,

                    Defendants.

_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE

Plaintiffs Robert Hall, Ebony Martin, Roderick Smartt, Jason Trent, and Steve Trent initiated the instant action against their employers, Defendants Plastipak, Plastipak Holdings, Inc., Plastipak Packaging, Inc., Plastipak Technologies, LLC, and William C. Young, alleging a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, (Dkt. # 1, Pg. ID 8), and requesting, *inter alia*, "unpaid overtime compensation for all hours worked in excess of 40 [hours] per week at the applicable time and a half rate," (*Id.* at 9).

Now before the court is Defendants' Motion to Dismiss, which contends that even if Plaintiffs' factual allegations are true, "there has been no violation of the FLSA." (Dkt. # 9, Pg. ID 60.)  The matter is fully briefed, and no hearing is needed.  *See* E.D. Mich. LR 7.1(f)(2).  For the reasons stated below, the court will grant Defendants' Motion to Dismiss without prejudice.

## I. BACKGROUND

According to the complaint, "Plaintiffs and the employees they seek to represent are employees and former employees of Defendants." (Dkt. # 1, Pg. ID 2.) Furthermore, "Plaintiffs are not exempt from the overtime pay requirements of the FLSA," and "Plaintiffs regularly worked over 40 hours per week . . . during the relevant employment period." (*Id.* at Pg. ID 5.)  Plaintiffs claim that "Defendants paid Plaintiffs just their regular hourly rate of pay for hours worked over 40 in a week . . . and failed to pay Plaintiffs one and one half times their regular rates of pay for all hours worked over 40 in a week." (*Id.* at Pg. ID 6.)

Defendants, however, assert that "the Department of Labor has approved the Company's pay practices" and that therefore, "Plaintiffs have no legitimate claim." (Dkt. # 9, Pg. ID 60.)

## II. STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  To survive a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The court views the complaint in the light most favorable to the Plaintiff and accepts all well-pleaded factual allegations as true.  *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009).  The court, however, "need not accept as true legal conclusions or unwarranted

2

factual inferences." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (quoting *Gregory v. Shelby County,* 220 F.3d 433, 446 (6th Cir. 2000)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir.1997)).

The FLSA provides that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of [40 hours per week] at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1) (2010). For employees who are paid on a fixed weekly salary basis, "the [employee's] regular rate . . . is determined by dividing the number of hours worked in the workweek into the amount of the salary to obtain the applicable hourly rate for the week. Payment for overtime hours at one-half such rate in addition to the salary satisfies the overtime pay requirement." 29 C.F.R. § 778.114 (2011).

3

## III. DISCUSSION

The Sixth Circuit has not had occasion to review the pleading standards for inadequate overtime compensation rates under the FLSA since the Supreme Court decided *Ashcroft v. Iqbal* in 2009.  With no binding precedent to guide its decision, the court turns to its sister circuits' post-*Iqbal* holdings.

The First Circuit has held that an allegation that the plaintiffs "regularly worked hours over 40 in a week and were not compensated for such time" was "one of those borderline phrases" that, "while not stating [an] ultimate legal conclusion[, was] nevertheless so threadbare or speculative that [it] fail[ed] to cross the line between the conclusory and the factual."  *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012) (internal quotation marks omitted).

In a similar vein, the Second Circuit has found a complaint lacking when the plaintiff failed to "estimate her hours in any or all weeks or provide any other factual context or content.  Indeed, her complaint was devoid of any numbers to consider beyond those plucked from the statute." *Dejesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 89 (2d Cir. 2013).  It further reasoned that "[w]hatever the precise level of specificity that was required of the complaint, [the plaintiff] at least was required to do more than repeat the language of the statute." *Id.*  At minimum, the plaintiff must make "an approximation of the total uncompensated hours worked during a given workweek in excess of 40 hours." *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013).  The Second Circuit has further clarified that:

> While this Court has not required plaintiffs to keep careful records and
> plead their hours with mathematical precision, we have recognized that it
> is employees' memory and experience that lead them to claim in federal

4

court that they have been denied overtime in violation of the FLSA in the
first place.  Our standard requires that plaintiffs draw on those resources
in providing complaints with sufficiently developed factual allegations.

*Dejesus*, 726 F.3d at 90.

The Third Circuit agrees, as well, stating that "we do not hold that a plaintiff must
identify the exact dates and times that she worked overtime."  *Davis v. Abington Mem'l
Hosp.*, 765 F.3d 236, 243 (3d Cir. 2014).  In fact, the Third Circuit has provided an
example of an acceptable pleading: "For instance, a plaintiff's claim that she 'typically'
worked forty hours per week, worked extra hours during such a forty-hour week, and
was not compensated for extra hours beyond forty hours . . . she worked during one or
more of *those* forty-hour weeks, would suffice."  *Id.*

The Ninth Circuit offers some further explanation of the standard and its history
while still agreeing with the other circuits: "Pre-*Twombly* and *Iqbal*, a complaint under
the FLSA for . . . overtime wages merely had to allege that the employer failed to pay
the employee . . . overtime wages.  However, post-*Twombly* and *Iqbal*, we review [the
plaintiff's] complaint to determine whether the allegations plausibly state a claim."
*Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 641 (9th Cir. 2014) (internal citations
omitted).  The court goes on to note that "some district courts, including the district court
in this case, have required plaintiffs to approximate the overtime hours worked or the
amount of overtime wages owed."  *Id.*

Finally, in an unappealed and unpublished opinion, another judge in *this* district
adopted the same rationale articulated by our sister courts, stating: "Where the plaintiff
alleges violations of the FLSA's . . . overtime wage provisions, the complaint should, at
least approximately, allege the hours worked for which these wages were not received."

5

*Gifford v. Meda*, No. 09-13486, 2010 WL 1875096, at *22 (E.D. Mich. 2010) (Borman, J.).

The court is persuaded by these precedents and now adopts the standard that a complaint of FLSA violations must do more than parrot the text of a statute or the elements of a claim. *See Iqbal*, 556 U.S. at 678 (stating that "a formulaic recitation of the elements of a cause of action will not do"); *Dejesus,* 726 F.3d at 89 (requiring plaintiffs to "do more than repeat the language of the statute" in their pleadings). A plaintiff may meet this standard by pleading facts in support of his conclusions, such as an imprecise numeric estimate of uncompensated hours or unpaid wages, to push the strength of his complaint from "possibility" to "plausibility." *See Twombly*, 550 U.S. at 546.

In the instant case, Plaintiffs' complaint alleges that "Plaintiffs regularly worked over 40 hours per week . . . during the relevant employment period." (Dkt. # 1, Pg. ID 5.) Furthermore, Plaintiffs state that "Defendants paid Plaintiffs just their regular hourly rate of pay for hours worked over 40 in a week . . . , and failed to pay Plaintiffs one and one half times their regular rates of pay for all hours worked over 40 in a week." (*Id.* at Pg. ID 6.) The allegations throughout the complaint never become more specific. Indeed, Plaintiffs note that "the damages for the Class Members can be easily calculated by a simple formula," but fail to provide such a formula or any numeric estimate of uncompensated hours or wages owed to support their conclusions.[1] (*Id.* at

---

[1] If the formula that Plaintiffs refer to is the one that Defendants provide in their Motion to Dismiss exhibits, (*see, e.g.*, Dkt. # 9-7, Pg. ID 80), then Plaintiffs may ultimately be fighting a losing battle. The rate at which Defendants compensate Plaintiffs' overtime hours will never be lower than the Department of Labor's mandated

Pg. ID 7.)  As a result, Plaintiffs' complaint presently lacks the specificity and factual allegations that *Twombly* and *Iqbal* require to state a claim upon which relief can be granted.  *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570 for the proposition that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'").  As a result, the court must grant Defendant's Motion to Dismiss for a lack of specificity.

Federal Rule of Civil Procedure 15(a)(2) directs that "[t]he court should freely give leave [to amend pleadings] when justice so requires."  "In the decision whether to permit an amendment, some of the factors which may be considered by the trial court are undue 'delay in filing, lack of notice to the opposing party, bad faith by the mvoing party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment.'" *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir.1990) (citing *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir.1973)).  Finding none of these concerns at issue here, the court grants Plaintiffs' leave to amend their complaint to satisfy the standards set forth in *Twombly* and *Iqbal* and repeated in this opinion.

## IV. CONCLUSION

---

rate according to 29 C.F.R. § 778.114.  Defendants may have inadvertently created the illusion of noncompliance with § 207 and 29 C.F.R. § 778.114 by calculating Plaintiffs' "regular rate" differently than the regulation directs them to, dividing Plaintiffs' fixed weekly salary by 40 hours rather than by Plaintiffs' total hours worked for the week. Formulaically, by Defendant's provided equation and the equation provided in 29 C.F.R. § 778.114, Plaintiffs' overtime rate will always be over one and one half times their real "regular rate," surpassing § 207's requirement on that ground.  The court cannot dismiss the case on this basis, however, since Plaintiffs provide no numbers in their complaint by which to estimate their individual salaries or overtime rates.  Thus, the possibility remains that Plaintiffs' regular rates may still violate § 207 by falling below the minimum wage, though their complaint never alleges a minimum wage violation.

IT IS ORDERED that Defendants Plastipak, Plastipak Holdings, Inc., Plastipak Packaging, Inc., Plastipak Technologies, LLC, and William C. Young's Motion to Dismiss, (Dkt. # 9), is GRANTED without prejudice.[2]

IT IS FURTHER ORDERED that Plaintiffs shall be granted leave to amend their complaint.  Plaintiffs shall file their amended complaint within **28 days** of this order's filing.

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 25, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 25, 2015, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

---

[2] Because the court is dismissing the complaint as filed, it need not reach the issues of whether or not Plaintiffs are similarly situated and whether or not Defendants Plastipak, Plastipak Holdings, Inc., Plastipak Technologies, LLC, and William C. Young are proper parties to this action.  Plaintiffs are urged to scrutinize their claims before refiling to ensure that any subsequent complaints are consistent with Federal Rule of Civil Procedure 11.

S:\Cleland\JUDGE'S DESK\C1 ORDERS\12-11428.HALL.Dismiss.jah.wpd