UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ROBERT HALL, et al.,

    Plaintiffs,

v.     Case No. 15-11428

PLASTIPAK, PLASTIPAK HOLDINGS, INC, PLASTIPAK PACKAGING, INC., PLASTIPAK TECHNOLOGIES, LLC, and WILLIAM C. YOUNG,

    Defendants.
                                 /

**ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS**

Pending before the court is Defendants' Motion for Rule 11 Sanctions. (Dkt. # 18.) Plaintiffs have filed a response (Dkt. # 19) to which Defendants have replied (Dkt. # 20.) The issue is fully briefed and the court determines that no hearing is necessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will deny Defendant's Motion.

**I. BACKGROUND**

Plaintiffs brought suit against Defendants seeking unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Dkt. # 1.) Defendants filed a motion to dismiss arguing that (1) certain Defendants were improperly named in this action and (2) that Plaintiffs failed to state a claim under the FLSA because they were properly paid for working a "fluctuating work week." (Dkt. # 9.) Shortly thereafter, Defendants served Plaintiffs with a copy of the instant Motion for Sanctions, afforded Plaintiffs twenty-one days to withdraw their Complaint as required by Federal Rule of Civil Procedure 11(b)(2), and then filed the Motion with the court when Plaintiffs refused to withdraw the Complaint. (Dkt. #18, Pg. ID 213.) The court granted Defendants' Motion to Dismiss, but did so on the grounds that Plaintiffs failed to

plead sufficient factual matter to state a claim that was plausible on its face. (Dkt. # 22, Pg. ID 361 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court now addresses and resolves the Motion for Sanctions.

## II. STANDARD

Federal Rule of Civil Procedure 11 permits sanctions if "a reasonable inquiry discloses the pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay." *Merritt v. Int'l Ass'n of Machinists and Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010) (quoting *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir. 1988)). Rule 11 of course does not require a party or its counsel to be correct, instead, the relevant standard by which actions are governed is "reasonableness under the circumstances." *Adams v. Penn Line Servs., Inc.*, 620 F. Supp. 2d 835, 838 (N.D. Ohio 2009).

## III. DISCUSSION

Defendants advance their motion for sanctions on the same grounds argued in their Motion to Dismiss, that is, (1) certain Defendants were improperly named because only one Defendant, Plastipak Packaging, Inc., actually employed Plaintiffs, and (2) Plaintiffs were properly paid under a fluctuating-work-week scheme that does not violate the FLSA. The court takes each in turn and finds that neither ground warrants sanctions.

First, Defendants gloss over the difference between the colloquial use of the term "employer" and who qualifies as an "employer" under the FLSA such that they may properly be made a defendant in an action for overtime pay. In fact, Defendants do not once cite the statute or any case law in arguing that they are not proper Defendants. The FLSA defines "employer" to include "any person acting directly or indirectly in the

interest of an employer in relation to an employee . . ." 29 U.S.C. § 203(d). It may be that there are several simultaneous employers who may be responsible for compliance with the FLSA. *Falk v. Brennan,* 414 U.S. 190, 195 (1973); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (1991). "The remedial purposes of the FLSA require the courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications." *Dole*, 942 F.2d at 965 (quoting *McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (6th Cir. 1991)). "In deciding whether a party is an employer, 'economic reality' controls rather than common law concepts of agency." *Id.*

Defendants admit that Plastipak Packaging, Inc. employs or employed Plaintiffs, but argues that it was unreasonable to name Plastipak, Plastipak Holdings, Inc., Plastipak Technologies, LLC, and Mr. Young as Defendant-employers. Several facts indicate that it was not *unreasonable* to name these entities and Mr. Young as Defendants,[1] especially in view of the FLSA's broad definition of employer. First, "Plastipak," though apparently not actually a business entity, was the entity listed on Plaintiffs W-2 tax forms. Because Defendants did not make clear on federal tax forms which entity employed Plaintiffs, and all of the Plastipak entities (Packing, Holdings, and Technologies) allegedly have the same or similar incorporators and resident agents, it was not unreasonable for Plaintiffs to name each of them.

Also, "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Dole*, 942 F.2d at 965. According to the Complaint, "Mr. Young is the President of Holdings and Packaging . . . [and] the person with authority to make decisions concerning pay

---

[1] The Court does not, here, opine as to whether these Defendants are in fact and in law employers under the FLSA, but merely finds that it was not unreasonable to include them as Defendants at this early stage in litigation.

practices of Defendants." (Dkt. # 1, Pg. ID 4.) It was not unreasonable for Plaintiffs to name Mr. Young in addition to the entities.

Second, Defendants' argue that Plaintiffs' FLSA claims are frivolous because the fluctuating work week schedule was approved by the Department of Labor, but this argument is also without merit at this stage of the pleadings under Rule 11's reasonableness standard.

In order to pay an employee a lower overtime rate because he works a fluctuating work week, 29 C.F.R. § 778.114 requires that (1) the employee's hours fluctuate from week to week; (2) the employee must receive a fixed salary that does not vary with the number of hours worked during the week (excluding overtime premiums); (3) the fixed amount must be sufficient to provide compensation every week at a regular rate that is at least equal to the minimum wage; and (4) the employer and employee must share a "clear mutual understanding" that the employer will pay that fixed salary regardless of the number of hours worked. *Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp. 2d 725, 734 (S.D. Ohio 2006). Defendants claim all Plaintiffs have signed a form acknowledging that they will be paid under a fluctuating-work-week scheme and that the Department of Labor has "approved . . . several years ago" the company's pay program. Defs.' Br. 4. Even assuming all this is true, Defendants have given this court no reason to believe Plaintiffs are unreasonable in asserting that the regulations have not been followed *with respect to the plaintiffs in this case*, nor have they shown that the court would necessarily be bound by the Department of Labor determination to which Defendants allude.[2]

---

[2] The court has not been presented with the agency document or determination to which Defendants refer and cannot gauge its persuasive or precedential value at this point in the case.

## IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendant's Motion to for Sanctions (Dkt. # 18) is DENIED.

                                              s/Robert H. Cleland
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated: March 29, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 29, 2016, by electronic and/or ordinary mail.

                                              s/Lisa G. Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522