UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT HALL, et al.,

    Plaintiffs,

v.                                                   Case No. 15-11428

PLASTIPAK HOLDINGS,
INC, PLASTIPAK PACKAGING, INC.,
PLASTIPAK TECHNOLOGIES, LLC, and
WILLIAM C. YOUNG,

    Defendants.
                                        /

**OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS
AMENDED COMPLAINT AND DENYING DEFENDANTS'
SECOND MOTION FOR SANCTIONS**

Pending before the court is Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (Dkt. # 24) and Defendants' Second Motion for Sanctions (Dkt. # 30). Plaintiffs have filed responses to both motions (Dkt. ## 26, 31) to which Defendants have replied (Dkt. ## 27, 32.) The issues are fully briefed and the court determines that no hearing is necessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will deny Defendants' Motions.

**I. BACKGROUND**

Plaintiffs brought suit against Defendants seeking unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. (Dkt. # 1.) Defendants filed a motion to dismiss arguing that (1) certain Defendants were improperly named in this action and (2) that Plaintiffs failed to state a claim under the FLSA because they were properly paid for working a "fluctuating work week." (Dkt. # 9.) Defendants also filed a Motion for Sanctions arguing, in general, that Plaintiffs' claims were frivolous. (Dkt. #18.) The court granted Defendants' Motion to Dismiss, but did so on the grounds that Plaintiffs failed to plead sufficient factual matter to state a claim that

was plausible on its face. (Dkt. # 22, Pg. ID 361 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The court held that a plaintiff may "push the strength of his complaint from 'possibility' to 'plausibility'" by pleading facts "such as an imprecise numeric estimate of uncompensated hours or unpaid wages." (*Id.* at Pg. ID 360.) The court, in a later separate opinion, denied the Motion for Sanctions, as well. (Dkt. # 33.)

After the court granted the Motion to Dismiss, but before the Motion for Sanctions was denied, Plaintiffs filed an Amended Complaint (Dkt. 23), which initiated the instant round of briefing that includes a second Motion to Dismiss and a second Motion for Sanctions.

## II. STANDARD

### A. Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court views the complaint in the light most favorable to the Plaintiff and accepts all well-pleaded factual allegations as true. *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (quoting *Gregory v. Shelby County,* 220 F.3d 433, 446 (6th Cir. 2000)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks omitted).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir.1997)).

### B. Motion for Sanctions

Federal Rule of Civil Procedure 11 permits sanctions if "a reasonable inquiry discloses the pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay." *Merritt v. Int'l Ass'n of Machinists and Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010) (quoting *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir. 1988)). Rule 11 of course does not require a party or its counsel to be correct, instead, the relevant standard by which actions are governed is "reasonableness under the circumstances." *Adams v. Penn Line Servs., Inc.*, 620 F. Supp. 2d 835, 838 (N.D. Ohio 2009).

### III. DISCUSSION

Defendants advance six arguments in their Motion to Dismiss. First, they argue Plaintiffs have asserted a formula for damages that "ignores the fact that Plaintiffs have already received compensation for hours that they have worked." (Dkt. # 24, Pg. ID 429.) Second, Defendants argue that the Amended Complaint suffers from the same *Twombly* concerns as the original Complaint because Plaintiffs have failed to provide estimates of the uncompensated hours worked or wages owed. Defendants' third, fourth, and fifth arguments, in sum, assert that they are in compliance with Department

3

of Labor ("DOL") regulations concerning the fluctuating work week and are thus entitled to pay less than time and a half for overtime. Lastly, Defendants argue that Plastipak Packaging, Inc. is the only proper Defendant and that the others (Plastipak Holdings, Inc.; Plastipak Technologies, LLC; and William C. Young) should be dismissed. The court will address these arguments in turn.

### A. Damages Calculations

Defendant first argues that Plaintiffs' damages formula is incorrect because it does not account for the amount Plaintiffs have already been compensated for overtime hours (however deficient it may be). This argument can be quickly dispensed with. First, Plaintiffs concede that the formula should have accounted for the straight-time wages already paid and have corrected their statement of the formula to focus only on the additional overtime premium to which they claim entailment. (Dkt. # 26, Pg. ID 464.) And second, a faulty damages formula in a complaint may be a problem down the road, but it does not, at the motion to dismiss phase, mean that a plaintiff has fallen below the minimum pleading requirement of Rule 8, that is, that a plaintiff state a valid claim for relief. *See* Fed. R. Civ. P. 8(a)(2).

### B. *Twombly*

Defendants argue that Plaintiffs have failed to correct the factual deficiencies noted in the court's earlier opinion dismissing the complaint, and that the Amended Complaint therefore still fails under Twombly. To survive a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In its earlier opinion, the court stated that deficiencies in the complaint could be overcome by pleading facts "such as an imprecise numeric estimate of uncompensated hours or unpaid wages." (Dkt. #22, Pg. ID 360.) Plaintiffs have obviously done so. There are new factual assertions in the Amended Complaint that make estimates as to the number of uncompensated (or more

accurately *deficiently* compensated) overtime hours worked and also estimate the amount of unpaid wages owed. (*See, e.g.*, Dkt. # 23, Pg. ID 365-66, ¶¶ 9-11 ("Hall worked 28.3 hours in excess of 80 . . . Hall is owed at least $4,010.00 for overtime hours worked for which he was not paid one and a half times his regular rate of pay.")) Plaintiffs have thus cured the major deficiency noted in the court's earlier opinion.

The court is at a loss to understand how Defendants can assert that "Plaintiffs made no such estimates within the body of the Amended Complaint."[1] (*Id.* at Pg. ID 429.) Defendants of course dispute that these facts actually establish any violation because they maintain that Plastipak Packaging, Inc. meets the requirements to pay Plaintiffs under the fluctuating-work-week scheme (which requires only half-time pay for overtime hours) and that Plaintiffs have not been undercompensated according to that scheme. But this is beside the point. Plaintiffs allege that Defendants' conduct precludes the use of the fluctuating work week and that Plaintiffs therefore have been underpaid because they should have received time-and-a-half pay (not half time) for overtime hours worked.

## C. The Fluctuating Work Week

Defendants third, fourth, and fifth arguments (Parts I.C., I.D., and I.E of the Motion to Dismiss) all amount to a claim that Defendants are in compliance with DOL regulations concerning the fluctuating work week and that they are entitled to calculate Plaintiffs' pay accordingly. In support of this argument, Defendants attach to their Motion to Dismiss an agreement signed by Robert Hall (the "Acknowledgment Form," as Defendants refer to it) (Dkt # 24-4, Pg. ID 455), which Defendants assert explains the

---

[1] Perhaps Defendants have placed too much stock in (or advance too precious a reading of) the court's request for estimates of *uncompensated* hours. While Defendants are correct that Plaintiffs have not identified any *wholly uncompensated* hours, and only identified hours for which they were paid half or regular time, this quibble misses the mark. Plaintiffs have alleged that they should have been paid time and a half and that they were paid less. That is enough at this stage.

fluctuating-work-week system to employees and has been signed by all Plaintiffs. Further, Defendants state that the DOL has "approved Defendant Plastipak Packaging, Inc.'s pay practices as to fluctuating work weeks," but Defendants do not attach any such approval.[2] This argument fails for two reasons.

First, as Plaintiffs point out, matters outside the pleadings cannot be considered by a court in ruling on a Rule 12(b)(6) motion to dismiss. *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997). A court may consider documents attached to a defendant's Rule 12(b)(6) motion only if the documents are properly considered "part of the pleadings" because "they are referred to in the plaintiff's complaint and are central to her claim." *Id.* at 89 (citing *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). Plaintiffs correctly note that they did not rely on or mention the Acknowledgment Form in their Amended Complaint and that a motion to dismiss is an improper vehicle to advance an argument wholly based on documents not in the pleadings.[3]

Second, even if the court could consider the Acknowledgment Form, an employer must do more than produce such a form to show compliance with DOL regulations. The fluctuating-work-week regulation requires that four conditions be satisfied before paying an employee on such a plan:

(1) the employee's hour must fluctuate from week to week;

---

[2] The court therefore cannot credit the supposed DOL approval, as without an agency document anointing Defendants' payment scheme, the court cannot determine the scope or nature of such approval and cannot determine what level of deference, if any, is owed this agency determination.

[3] With no citation or support, Defendants state that "Defendant Plastipak Packaging, Inc.'s Salary Non-Exempt Policy and the Acknowledgment that each Plaintiff signed, are, therefore, referred to in the Complaint . . . ." (Dkt. # 27, Pg. ID 488 (emphasis omitted).) A review of the Amended Complaint reveals that Defendants are simply wrong.

6

> (2) the employee must receive a fixed salary that does not vary with the numbers of hours worked during the week (excluding overtime premiums);
>
> (3) the fixed amount must be sufficient to provide compensation every week at a regular rate that is at least equal to the minimum wage; and
>
> (4) the employer and employee must share a "clear mutual understanding" that they employer will pay that fixed salary regardless of the number of hours worked.

*O'Brien v. Town of Agawam*, 350 F.3d 279, 288 (1st Cir. 2003) (citing 29 C.F.R. § 778.114(a), (c)). Additionally, it is the employer's burden to show compliance with the requirements of the regulation. *Aiken v. County of Hampton, S.C.*, 977 F. Supp. 390, 395 (D.S.C. 1997) (citing *Bailey v. County of Georgetown*, 94 F.3d 152, 155-56 (4th Cir. 1996)). Here, even if there was a clear understanding about the pay system (the fourth requirement), Plaintiffs allege in their Amended Complaint that employees were docked vacation pay when they didn't work a full forty hours and, thus, Defendants fail to meet the second requirement that the fixed salary not vary when fewer hours are worked.

Defendants' response, arguing that an employer is free to deduct vacation days for willful absences or tardiness under the fluctuating-work-week plan, is unavailing. (*See* Dkt. # 24, Pg. ID 437 (citing *Samson v. Apollo Res., Inc.*, 242 F.3d 629, 639 (5th Cir. 2001)). Plaintiffs' Amended Complaint alleges that when they "worked less than 40 hours per week, Plaintiffs were only paid for the actual hours worked, at their regular hourly rate. Defendants took away benefits in the form of banked vacation pay to make up the difference and bring their compensation up to the stated 'salary' amount." (Dkt. # 23, Pg. ID 373.) The analysis in the *Samson* case makes relatively clear that only deductions of a disciplinary nature are allowed under the fluctuating work week. *See* 242 F.3d at 638-39. Deductions to "make up the difference" for an employee who was scheduled, for example, to work only thirty-two hours are of an entirely different sort and Defendants offer no authority holding that they are allowed under the FLSA or DOL regulations.

7

Defendants try to overcome this hurdle by mischaracterizing Plaintiffs' Amended Complaint, arguing that "Plaintiffs have merely alleged that Plastipak Packing, Inc. requires salary non-exempt associate employees like the Plaintiffs to use banked vacation time when they are called upon to work in a workweek, but are willfully unavailable to work." (Dkt. # 24, Pg. ID 439.) But nowhere in the Amended Complaint do Plaintiffs limit their allegations to scenarios in which they were "willfully unavailable" to work. They allege that Defendants used such deductions to "make up the difference" where hours dipped below forty. This, fairly read, could include scenarios where Plaintiffs were scheduled for less than forty hours of work, were sent home early when there was no work to be done, or were sick. Relatedly, Defendants assert that "the only time a vacation day is used is when a vacation day is requested or when it is allowable under intermittent FMLA (and only when a full day is missed)." (*Id.*) But this point is obviously in dispute as one of Plaintiffs' primary allegations is that Defendants' do in fact deduct vaction days even when employees don't request it. Plaintiffs and Defendants must be left to their proofs on this point of contention. The matter is not appropriate for resolution on a motion to dismiss.

**D. Proper Defendants**

Finally, Defendants argue that Plastipak Holdings, Inc.; Plastipak Technologies, LLC; and William C. Young are not proper Defendants because they are not "employers" of Plaintiffs. Defendants however fail to cite to a single case or statue in their attempt to define an "employer" for purposes of an action under the FLSA. The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee . . ." 29 U.S.C. § 203(d). It may be that there are several simultaneous employers who may be responsible for compliance with the FLSA. *Falk v. Brennan,* 414 U.S. 190, 195 (1973); *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991). "The remedial purposes of the FLSA

8

require the courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications." *Dole*, 942 F.2d at 965 (quoting *McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (6th Cir. 1991)). "In deciding whether a party is an employer, 'economic reality' controls rather than common law concepts of agency." *Id.* Further, "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Dole*, 942 F.2d at 965.

According to the Complaint, "Mr. Young is the President of Holdings and Packaging . . . [and] the person with authority to make decisions concerning pay practices of Defendants." (Dkt. # 1, Pg. ID 4.) These allegations are enough at this stage to establish that Mr. Young is a corporate officer with operational control, and thus an employer under the FLSA. Mr. Young is a proper defendant.

As to Plastipak Holdings, Inc. and Plastipak Technologies, LLC, Plaintiffs have alleged sufficient facts for the court to find it "plausible" that they are employers under the FLSA. *See Twombly*, 550 U.S. at 570. Courts employ the "economic realities" test in determining who is and is not an employer for FLSA purposes. *Goldberg v. Whitaker House Co-op., Inc.*, 366 U.S. 28, 33 (1961). The question of who is an employer depends on many factors and factual considerations: "No one factor is dispositive; rather, it is incumbent upon courts to transcend traditional concepts of the employer-employee relationship and assess the economic realities presented by the facts in each case." *Dole*, 942 F.2d at 965 (quoting *Donovan v. Sabine Irrigation Co., Inc.*, 695 F.2d 190, 195 (5th Cir. 1983). For now, Plaintiffs' allegations that all of the Plastipak entities have overlapping addresses, resident agents, and management is enough to warrant factual development of this issue.

## IV. CONCLUSION

For the reasons stated above, IT IS ORDERED that Defendant's Motion to Dismiss (Dkt. # 24) is DENIED.

IT IS FURTHER ORDERED that, as Defendants have advanced substantially the same arguments in the Second Motion for Sanctions (Dkt. # 30), that motion is also DENIED on the same grounds.

                    s/Robert H. Cleland  
                    ROBERT H. CLELAND  
                    UNITED STATES DISTRICT JUDGE

Dated: August 12, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 12, 2016, by electronic and/or ordinary mail.

                    s/Lisa G. Wagner  
                    Case Manager and Deputy Clerk  
                    (313) 234-5522