**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROBERT HALL, et al.,

    Plaintiffs,

v.

                                        Case No. 15-11428

PLASTIPAK HOLDINGS, INC., et al.,

    Defendant.

                                          /

**OPINION AND ORDER GRANTING CONDITIONAL CLASS
CERTIFICATION AND SCHEDULING STATUS CONFERENCE**

Pending before the court is Plaintiffs' "Motion for Conditional Certification of an FLSA Collective Action and for an Order for Notice to the Class." (Dkt. #34.) Defendants have filed a response to the motion, (Dkt. #41), and Plaintiffs have filed a reply, (Dkt. #44). After reviewing the briefs, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the court will grant conditional class certification and approve notice to the class pending a conference on the manner and schedule for the delivery of such notice.

**I. BACKGROUND**

Plaintiffs are former employees bringing suit against an individual and several related entities who allegedly violated Section 207 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq.*, by failing to pay employees a sufficiently high hourly rate for overtime work. Previously the court dismissed Plaintiffs' complaint without prejudice on the basis that it lacked the requisite specificity to state a claim under the

FLSA as it merely parroted the language of the statute rather than alleging facts as to the estimated hours worked or wage shortfall. (Dkt. #22.) Plaintiffs filed an amended complaint which included at least some additional information specific to the claims of each Plaintiff. (Dkt. #23.) Defendants then filed a motion for sanctions pursuant to Federal Rule 11 on the basis that Plaintiffs had named improper Defendants who were not actually their employers, and that their claims lacked merit because they were properly paid under the FLSA. (Dkt. #30.) The court denied the motion for sanctions, reasoning that the named Defendants could fall into the FLSA definition of "employer," and that it was premature to make a determination that the claims lacked merit as outstanding questions of fact remained. (Dkt. #33.) Shortly thereafter Plaintiffs filed the instant motion seeking the conditional certification of a class defined as:

> All current and former persons employed by Defendants and compensated on an hourly or non-exempt salary basis by Defendants, who worked for at least one week in excess of 40 hours but were not properly paid overtime for hours worked over 40 in a week or over 80 in a two week pay period, during the period from three years prior to the filing of this complaint to the present.

(Dkt. #23, Pg. ID 376.)

Plaintiffs argue that to obtain conditional certification, they need only make a "modest showing" that a class of similarly situated Plaintiffs exist. Thereafter, notice would be sent to the potential class members, who would then be required to affirmatively opt-in to class membership to participate in the action. Defendants argue that Plaintiffs have not carried their burden, and their proposed class notice is inadequate because it is overbroad. In reply, Plaintiffs argue that even Defendants admit to using the same compensation scheme across all of their hourly and salaried

2

non-exempt employees, so they are all similarly situated for the purposes of an FLSA suit alleging insufficient overtime compensation. Plaintiffs also suggest adding a "salaried or non-exempt" qualifier to the proposed notice to mitigate overbreadth.

## II. STANDARD

Parties alleging violations of Section 207 of the FLSA may, in certain circumstances, proceed as a collective action on behalf of themselves and other similarly situated employees. The FLSA allows that:

> An action to recover [for violations of Section 207] may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to such action unless he gives his consent in writing to become such a party and consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b).

"The threshold inquiry for the court in determining whether to conditionally certify a class under § 216(b) is whether plaintiffs have shown that the employees to be notified are, in fact, similarly situated." *Brown v. Ak Lawncare, Inc.*, No. 14-14158, 2015 WL 5954811, at *3 (E.D. Mich. Oct. 14, 2015) (quotation omitted). "Because only minimal evidence is available to the parties and to the court at this point, the 'similarly situated' question is measured by a lenient standard." *Monroe v. FTS USA, LLC*, 257 F.R.D. 634, 637 (W.D. Tenn. 2009).

Courts "have used a two-phase inquiry to address this question," such that prior to the completion of discovery, "[t]he plaintiff must show only that his position is similar, not identical to the positions held by the putative class members." *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546-47 (6th Cir. 2006) (quotations omitted). This standard

requires only a "modest factual showing" which "typically results in a 'conditional certification.'" *Id.* at 547 (citations omitted). To make this showing, "plaintiff's evidence on a motion for conditional certification is not required to meet the same evidentiary standards applicable to motions for summary judgment because to require more at this stage of the litigation would defeat the purpose of the two-stage analysis under Section 216(b)." *Fisher v. Michigan Bell Telephone Co.*, 665 F. Supp. 2d 819, 826 (E.D. Mich. 2009). "If the Court authorizes a 'collective action' under § 216(b), then in its discretion, this Court may authorize the notification of putative 'class' members of the pendency of the collective action." *Olivo v. GMAC Morg. Corp.*, 374 F. Supp. 2d 545, 547 (E.D. Mich. 2004). Following the completion of discovery, the court may revisit the "similarly situated" determination, "usually in response to a motion for decertification." *Monroe*, 257 F.R.D. at 637.

### III. DISCUSSION

#### A. Similarly Situated Employees

Plaintiffs allege that hourly and salaried, non-exempt employees were all treated alike by Defendants, whose policy it was to pay overtime at approximately the same hourly rate that employees earned for non-overtime work. In support they have filed affidavits averring to have been paid according to this scheme and to be acquainted with other employees who were "compensated on the same basis" as they were. (Dkt. #34-3.) Also supporting their motion are pay stubs which appear to reflect an hourly overtime pay rate essentially identical to the salary rate. (Dkt. #34-4.)

Defendants attack Plaintiffs' affidavits as vague and conclusory, and they attack Plaintiffs' underlying legal theory as lacking merit. The court agrees that Plaintiffs'

affidavits lack specificity, but Defendants admit that "[s]igning the Acknowledgment Form was a condition of employment with Plastipak Packaging, Inc., as a salaried non-exempt associate since November 2005." (Dkt. #41, Pg. ID 690). If anything, this is good evidence that even though the "over 3,200" employees held different roles across the company, they are likely "similarly situated" as to the policy governing their compensation. Additionally, Defendants' arguments as to the merits of Plaintiffs' claims were addressed in this court's order denying their motion for sanctions as premature, (Dkt. #35, Pg. ID 648-49.), and they remain so today. Plaintiffs have made the "modest showing" under a "lenient standard" that the other employees were similarly situated, and thus conditional certification is warranted.

### B. Adequacy of Class Notice

Defendants argue that Plaintiff's proposed notice is inadequate because it purports to direct notice to all "current and former" employees when the affidavits supporting Plaintiffs' motion only related to "salaried non-exempt" employees. Plaintiffs suggest a concession that the notice be limited to "hourly and salaried non-exempt" employees, apparently without contesting that salaried exempt employees would not be similarly situated. The suggested modification comports with the language in the amended complaint which defines the purported class, and Defendants have given no reason for why hourly and salaried non-exempt employees should not be seen as "similarly situated" for the purposes of a Section 207 claim. The court finds that the proposed class notice is otherwise adequate. Therefore, the court will order Plaintiffs to modify the language and scope of the notice to purported members to include the proposed qualifier.

## IV. CONCLUSION

IT IS ORDERED that Plaintiffs' "Motion for Conditional Certification of an FLSA Collective Action and for an Order for Notice to the Class" (Dkt. #34) GRANTED. The collective action class is defined as:

> All current and former persons employed by Defendants and compensated on an hourly or non-exempt salary basis by Defendants, on or after October 8, 2012.

Plaintiffs are directed to modify the language of the proposed class notice consistent with this opinion.

IT IS FURTHER ORDERED that the Defendants must furnish to counsel for the Plaintiffs the last known post office and email addresses of the potential members of the described class **on or before January 13, 2017.**

IT IS FURTHER ORDERED that the Plaintiff shall deliver notice promptly to putative class members by United States mail, email, or both. The notice shall state that interested persons may opt in to this litigation **on or before March 13, 2017.**

IT IS FURTHER ORDERED that counsel for the parties appear before the court for a telephonic case management conference **on January 17, 2017 at 10:00 a.m..  The Court will initiate the call..**

                                              s/Robert H. Cleland  
                                              ROBERT H. CLELAND  
                                              UNITED STATES DISTRICT JUDGE

Dated:  December 9, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 9, 2016, by electronic and/or ordinary mail.

                                                   s/Lisa Wagner
                                                   Case Manager and Deputy Clerk
                                                   (313) 234-5522