UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT HALL, et al.,

    Plaintiffs,

v.

                                            Case No. 15-11428

PLASTIPAK HOLDINGS, INC., et al.,

    Defendants.
                                              /

**OPINION AND ORDER DENYING
DEFENDANTS' MOTION FOR RECONSIDERATION**

Pending before the court is Defendants' Motion for Reconsideration of this court's prior order granting conditional class certification and setting deadlines. (Dkt. #47.) Plaintiffs have filed a response to the motion. (Dkt. #47.) After reviewing the briefs, the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the following reasons, the court will deny Defendants' motion.

**I. BACKGROUND**

The underlying facts of this case were recited in this court's prior opinion and order granting conditional certification of a class of Defendants' employees, familiarity with which is presumed. (Dkt. #46.) Defendants filed the instant motion for reconsideration arguing that the class definition is too broad because the challenged pay practices did not apply to hourly employees and also because the named Plaintiffs all worked at a single facility and thus are not representative of class members who work at other facilities. Defendants also argue that the task of identifying the class members will be unduly burdensome in light of defects in their claims. In response,

Plaintiffs argue that Defendants failed to raise the distinction between hourly and salaried non-exempt employees in the first instance and have thus waived this argument on a motion for reconsideration, that the admitted uniformity of pay practices across facilities renders irrelevant the fact that named Plaintiffs all worked at a common location, and that no serious undue burden would result from Defendants being forced to comply with the court's order.

This court's previous order required Defendants to identify class members to Plaintiffs by January 13, 2017. At a status conference held on January 17, 2017, the parties indicated that Defendants had not complied with this deadline. The court has not since received any indication that Defendants have so far fulfilled their obligation under the prior order. Plaintiffs have requested a status conference to resolve this outstanding issue.

## II. STANDARD

Subject to the court's discretion, a motion for reconsideration shall be granted only if the movant "demonstrate[s] a palpable defect by which the court and the parties . . . have been misled" and "show[s] that correcting the defect will result in a different disposition of the case."  E.D. Mich. L.R. 7.1(h)(3).  "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest or plain.'"  *Buchanan v. Metz*, 6 F. Supp. 3d 730, 752 (E.D. Mich. 2014) (quoting *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004)). The court "will not grant motions for . . . reconsideration that merely present the same issues ruled upon by the court."  E.D. Mich. L.R. 7.1(h)(3).

### III. DISCUSSION

### A. Hourly Employees

Defendants point out that the practices at issue in this case, which applied to salaried non-exempt employees, did not apply to hourly employees. Thus, they are not similarly situated. This account is supported by the "Associate Handbook" which shows that hourly employees were paid normal overtime instead of the floating rate which is the subject of the instant suit. (Dkt. #47-5, Pg. ID 923.) Defendants also point to language in the court's prior opinion which incorrectly stated that Defendants had admitted to "using the same compensation scheme across all of their hourly and salaried non-exempt employees[.]" They had admitted to using the same practices with salaried non-exempt employees.

Plaintiffs argue that Defendants failed to articulate a reason for treating hourly and salaried non-exempt employees differently in the first instance, and that the more inclusive language is really aimed at preventing Defendant from using "semantic arguments" to redefine *ex post* as "hourly" employees who were truly salaried non-exempt, thus reducing the size of the class. During the status conference, Plaintiffs suggested that they would stipulate that the definition of the class truly covers only those employees that were subject to the pay practices at issue in this case–specifically the re-calculation of base pay rate based on total hours worked.

It appears that all parties are essentially in agreement that employees who were truly hourly were not subject to the pay practices at issue in this case and indeed not proper plaintiffs under the facts alleged. Rather than fruitlessly analyze which arguments have been waived and whether the court's statements about Defendants'

3

admissions constitute a "palpable defect," the court will now simply clarify its prior order's class definition consistent with the view that it covers only those employees who were subject to the pay practices at issue in this case, normally called "salaried non-exempt." This clarification supplies Defendants with the relief that they requested and thus renders moot their motion for reconsideration on this question. The court will therefore deny the motion on the basis of mootness.

### B. Facilities

Defendants rely on *Syrja v. Westat, Inc.*, for their argument that, because the named Plaintiffs all are from the Westland Facility, they are not similarly situated to class members in other facilities. 756 F. Supp. 2d 682, 687 (D. Md. 2010). However, even setting aside the fact that this case represents merely persuasive rather than binding authority, its pertinent facts are critically distinguishable from those at issue here. Importantly, Defendants maintained uniform pay practices across their facilities. Compare that with the pay practices in *Syrja*:

> Moreover, aside from his own assertions and those of members of the putative class, [Plaintiff] has offered no evidence that even begins to suggest that [Defendant] currently maintains, or that it ever maintained, a uniform national policy of denying appropriate compensation for employee hours worked over 40 in a given week. In fact, the only concrete evidence before the Court relevant to a national policy with respect to overtime pay is [Defendant's] official policy to the effect that it will compensate its employees for all overtime hours worked, even when such hours are unauthorized.

*Id.* at 687-688. Such is not the case here. As the court has no reason to think that pay practices differed in any meaningful respect across Defendants' facilities, no "palpable defect" as to this question exists in the order granting class certification. Thus, the court will deny Defendants' motion.

### C. Undue Burden

Defendants argue that calculating the amount paid to each class member under the "fluctuating work week" system as well as the amount that would have been paid had they adopted a different practice is too burdensome in light of what they view as defects in Plaintiffs' case-in-chief. Defendants' position seeks to reanimate arguments which this court already rejected when it denied their motion to dismiss the amended complaint. (Dkt. #35.) Additionally, the court is not convinced that the burden which normal class discovery imposes upon Defendants is undue. The process described for calculating the wages at issue is something akin to deriving formulas related to those it already uses to pay its employees and feeding the requisite values into a spreadsheet.

### D. Class Discovery

At the status conference this court indicated that it expected the parties to proceed in discovery normally with the assumption that the motion for reconsideration would be denied. Whether this has occurred remains to be seen, but the court will hold a telephonic status conference on **February 21, 2017 at 11:30 a.m.** to discuss the progress that has been made in discovery thus far.

### IV. CONCLUSION

IT IS ORDERED that Plaintiffs' "Motion for Reconsideration of the Opinion and Order Granting Plaintiffs' Motion for Conditional Class Certification " (Dkt. #47) is DENIED.

IT IS FURTHER ORDERED that counsel for the parties appear before the court for a case management conference on **March 9, 2017 at 10:00 a.m. in the Federal Courthouse at 526 Water St., Port Huron, MI 48060.**

      s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: February 8, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 8, 2017, by electronic and/or ordinary mail.

      s/Shawna C. Burns
Case Manager Generalist
(810) 984-2056

Q:\Cleland\JUDGE'S DESK\C2 ORDERS\15-11428.HALL.denyreconsideration.bss.RHC.wpd