**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROBERT HALL, et al.,

    Plaintiffs,

v.                                    Case No. 15-11428

PLASTIPAK HOLDINGS, INC., et al.,

    Defendants.

_____/

**OPINION AND ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pending before the court is Defendants' Motion for Summary Judgment. (Dkt. #53.) The motion is fully briefed. The court conducted a hearing on the motion on May 17, 2017. For the following reasons, the court will grant Defendants' motion.

## I. BACKGROUND

Plaintiffs are five current and former employees of Plastipak Packaging, Inc.'s facility in Westland, Michigan. They allege that Defendant Plastipak Packaging, Inc. ("Plastipak") has violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, by failing to pay them sufficiently for those hours worked above the 40-hour weekly threshold identified within the law.

Defendants argue that, as Plaintiffs agree that they were "salary non-exempt" employees, it is true that they are entitled to overtime pay, but regulations–in particular 29 CFR 778.114–permit a "fluctuating workweek method" of overtime pay calculation like that Plastipak used. They claim that Plaintiffs have already admitted during their deposition testimony that the four requirements to allow the use of this method of

calculation are satisfied. Defendants also argue that Plaintiffs' allegations that their employer would reduce their vacation pay whenever they worked less than 40 hours per week was belied by Plaintiffs' deposition testimony that Plastipak only reduced their bank of vacation pay for time that they had requested to take off. They further point to a determination by the United States Department of Labor, whose audits in 2013 and 2016 found that Plastipak's challenged practices were consistent with the FLSA. In sum, Defendants assert that Plastipak's pay practices are actually in excess of what the FLSA requires. Finally, Defendants contend that Defendants Plastipak Holdings, Inc., Plastipak Technologies, LLC, and William C. Young are not "employers" under the FLSA because they did not exercise control of the terms and conditions of Plaintiffs' work, and thus are due a grant of summary judgment in their favor as well.

Plaintiffs respond, firstly, that Defendants' motion is premature as discovery is not set to close for a number of months. They continue that genuine issues of fact exist as to whether Plastipak's pay practices as implemented actually conform to the fluctuating workweek overtime calculation method, because Plaintiffs were not paid time-and-a-half for overtime hours, and Plaintiffs had to consume vacation or paid time off during weeks when they worked less than 40 hours. They also argue that it is unclear whether the Plaintiffs understood and agreed to the fluctuating workweek arrangement.

They point out that Defendants' claims regarding Department of Labor audits are not supported by any admissible evidence beyond an affidavit of a Plastipak employee. Further, Plaintiffs contend that Defendants' reliance upon Department of Labor regulations is misguided, as they include language stating that "compliance . . . cannot

2

be rested on any application of the fluctuating workweek overtime formula." Plaintiffs also assert that dismissal of Defendants other than Plastipak would be immature as they have not had the opportunity to conduct full depositions of Mr. Young or company representative for the other Defendants.

In reply, Defendants claim that the years-long period during which named Plaintiffs received paystubs describing their pay in detail, coupled with other indicia that they were informed of the policy, undermines their insistence that they did not understand the fluctuating workweek method of overtime calculation. They also answer Plaintiff's contentions regarding the undeveloped state of discovery by pointing out that the instant case has been pending for two years, and Plaintiffs unilaterally cancelled the deposition of the complained-of affiant. Defendants argue that the use of banked vacation time occurred when Plaintiffs requested time off, that they were paid the same weekly pay when they refused to work overtime, and that employers are of course expected to deduct from accumulated time off when employees take time away from work. They also advance the position that the regulatory language identified by Plaintiffs does not apply in the instant case, where employees are paid overtime and were not misclassified as salary exempt.

This court has already had occasion to address and reject Defendants' arguments in the context of a motion to dismiss. (Dkt. #35, Pg. ID 645-49.) Defendants also advanced similar arguments in a motion for reconsideration in support of their contention that conditional class certification would be unduly burdensome in light of the alleged weakness of Plaintiffs' claims–a view the court rejected along with reference to

3

its earlier decision. (Dkt. #51, Pg. ID 978.) The court will once again address these arguments, this time with an eye to the standard on summary judgment.

## II. STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). The movant has the initial burden of showing the absence of a genuine dispute as to a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[T]hat burden may be discharged by showing . . . that there is an absence of evidence to support the nonmoving party's case." *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005) (internal quotation marks omitted).

The burden then shifts to the nonmovant, who must put forth enough evidence to show that there exists "a genuine issue for trial." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citation omitted). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 243 (1986). In evaluating a summary judgment motion, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial . . . credibility judgments and weighing of the evidence are prohibited." *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015) (internal quotation marks and citations omitted).

## III. DISCUSSION

4

Defendants do not dispute that they paid the same hourly rate for overtime hours that they nominally paid Plaintiffs for their standard hours. The plain text of the regulation upon which Defendants rely states in part that:

> . . . Since the salary in such a situation is intended to compensate the employee at straight time rates for whatever hours are worked in the workweek, the regular rate of the employee will vary from week to week and is determined by dividing the number of hours worked in the workweek into the amount of the salary to obtain the applicable hourly rate for the week. Payment for overtime hours at one-half such rate in addition to the salary satisfies the overtime pay requirement because such hours have already been compensated at the straight time regular rate, under the salary arrangement.

> . . . Where all the legal prerequisites for use of the "fluctuating workweek" method of overtime payment are present, the Act, in requiring that "not less than" the prescribed premium of 50 percent for overtime hours worked be paid, does not prohibit paying more. On the other hand, where all the facts indicate that an employee is being paid for his overtime hours at a rate no greater than that which he receives for nonovertime hours, compliance with the Act cannot be rested on any application of the fluctuating workweek overtime formula.

29 C.F.R. § 778.14(a) & (c).

Under Plaintiffs' reading, these provisions inexplicably contradict. They say that "payment for overtime hours at one-half [the rate received for nonovertime hours] in addition to the salary satisfies the overtime pay requirement," but that an employer does not comply with the FLSA if an employee is "paid for his overtime hours at a rate no greater than that which he receives for nonovertime hours."

Resolving the apparent contradiction requires a nuanced understanding of the nonovertime hourly rate. Plaintiff's reading is erroneous because it ignores the essential character of the fluctuating work week, which recalculates the base pay rate according to the total hours worked. Because an employee's base hourly rate reduces

proportionately according to each hour worked, an employer who merely compensates an employee for overtime hours "at a rate no greater than that which he receives for nonovertime hours" would essentially pay the employee nothing at all for overtime hours beyond the normal salary. That is to say, an employee who worked 40 hours in one week and received a salary of $400 can be said to have worked for an hourly rate of $10. If the employee received the same compensation for 60 hours without an overtime premium, she would have earned an hourly rate of $6.66. What the law requires is that for the 20 overtime hours, the employer pay her an additional $3.33 an hour over and above her normal salary. An illustration of this principle is contained in 29 C.F.R. § 778.14(b). Plaintiffs supply no law to the contrary.

Absolutely no suggestion exists that Defendants paid less than a 0.5 hourly premium for overtime hours. In fact, the undisputed facts are that Plastipak greatly exceeded this premium, because it established the "base rate" for calculating overtime pay base rate by simply dividing the normal weekly salary by 40 hours rather than the larger, total number of hours worked. Defendants then paid 1.0 times the calculated hourly base rate. To put it another way, Defendants' practice was to pay the employee in the latter of the two scenarios described above an hourly rate of $10 for overtime hours when they would have only been required to pay $3.33. As no issue of material fact exists as to whether, assuming the below requirements are met, Defendants' hourly overtime pay practices satisfy the requirement of the FLSA, the court will grant summary judgment on this question.

Defendants concede that "[t]he Sixth Circuit places the burden on employers to show application of the fluctuation workweek method." (Dkt. #53, Pg. ID 1019.) The

parties agree that the four requirements for Defendants to operate under the fluctuating

workweek method under 29 C.F.R. § 778.114 are:

(1)    the employee's hours must fluctuate from week to week;

(2)    the employee must receive a fixed salary that does not vary with
       the number of hours worked during the week (excluding overtime
       premiums);

(3)    the fixed amount must be sufficient to provide compensation every
       week at a regular rate that is at least equal to the minimum wage;
       and

(4)    the employer and employee must share a "clear mutual
       understanding" that the employer will pay that fixed salary
       regardless of the number of hours worked.

*Mitchell v. Abercrombie & Fitch, Co.*, 428 F. Supp. 2d 725, 734 (S.D. Ohio 2006), *aff'd*,

225 F. App'x 362 (6th Cir. 2007) (citations omitted). Plaintiffs do not challenge the

satisfaction of the first or third requirements. Therefore, the court will grant summary

judgment for Defendants on those questions.

## A. Variation of Fixed Salary

Plaintiffs argue that a genuine issue of fact exists over whether Defendants

impermissibly required Plaintiffs to spend banked vacation time for two-week periods

when they worked less than 80 hours. As Defendants rightly point out, the fact that an

employer sometimes requires employees to use vacation time is hardly, by itself, proof

of an impermissible practice. This court's previous opinion rejected a similar argument

operating under a different standard, stating that the cited cases make "relatively clear

that only deductions of a disciplinary nature are allowed under the fluctuating work week

. . . [d]eductions to 'make up the difference' for an employee who was scheduled, for

example, to work only thirty-two hours are of an entirely different sort[.]" (Dkt. #35, Pg.

ID 647.) Defendants now contend that Plastipak only made deductions when Plaintiffs specifically requested time off and cite to deposition testimony by four of the named Plaintiffs.

The court may grant summary judgment even prior to the close of discovery where further discovery "would not provide relevant evidence on the single dispositive issue in this case." *Grimmett v. Dace*, 34 F. Supp. 3d 712, 727 n.19 (E.D. Mich. 2014) (citing *Maki v. Laakko*, 88 F.3d 361, 367 (6th Cir. 1996)). During his deposition, Steven Trent testified that hours were deducted when he took time off, but he could not remember a time when he was forced to use vacation time. (Dkt. #53-2, Pg. ID 1087.) Roderick Smartt testified that any time he used vacation time represented instances that he had requested off. (Dkt. #53-3, Pg. ID 1135.) Ebony Martin testified that she did not recall a time when she was forced to use vacation time at the employer's behest. (Dkt. #53-4, Pg. ID 1186-87.) Jason Trent testified that he did not view paystubs indicated a reduction in vacation time were the result of him "being docked for time when [he] was working less than [full time.]" (Dkt. #53-5, Pg. ID 1227.) Defendants do not cite to the deposition of Robert Hall in their motion nor do Plaintiffs cite it within their response because it occurred on March 27, 2017 (Dkt. #58-3, Pg. ID 1617), and the transcript became available after these materials were filed. He testified that if an employee were sick, he or she would be forced to use vacation hours but would then also be expected to make up the lost hours as overtime or risk discipline. (Dkt. #58-3, Pg. ID 1622.)

When faced with a similar argument, the court in *Mitchell v. Abercrombie & Fitch, Co.*, concluded that summary judgment was appropriate because Plaintiffs had "failed to create an issue of fact by testifying, without more, that they believed they would be

docked in any given week they worked less than 40 hours." 428 F. Supp. 2d 725, 736

(S.D. Ohio 2006), *aff'd*, 225 F. App'x 362 (6th Cir. 2007). The court explained in further:

> Abercrombie's policy requiring that MITs and Assistant Managers code 40 "hours" of combined benefit and work time per week subject to disciplinary action does not show a "significant likelihood" that Plaintiffs' fixed salaries were subject to docking. Plaintiffs have shown neither "actual deductions," nor a "clear and particularized policy" which " 'effectively communicates' that deductions will be made in specified circumstances." None of the documents adduced by Plaintiffs indicate that MITs or Assistant Managers will be docked in salary under circumstances outside the scope of 29 C.F.R. § 778.114.
>
> Instead, each Plaintiff received a fixed salary regardless of how many hours he or she worked. Plaintiffs concede that they never earned less than their salary and that their pay was never docked. Abercrombie's pay and time records for Plaintiffs also establish that they always received their full salary. In weeks that Plaintiffs worked fewer than 40 hours in a workweek, they received their full salary, and their accrued paid benefit time was reduced by the number of hours below 40. In sum, Plaintiffs receive a fixed salary that did not vary with the number of hours worked during the week.

*Id.* at 737 (citing *Auer v. Robbins*, 519 U.S. 452, 452, 117 S. Ct. 905, 137 L.Ed.2d 79

(1997)).

Plaintiffs in turn point to their pay stubs, which indicate that during two-week

period when they worked less than 80 hours, their vacation days were deducted to

make up the difference. Nevertheless, Plaintiff's paystubs, standing on their own, are

not sufficient to establish a genuine issue of material fact. It is undisputed that these

deductions from vacation time occurred. What is in question is whether they were

performed for a permissible reason.

Plaintiffs do not present any evidence for their contention that Defendants

impermissibly deducted their vacation time and otherwise do not dispute that, setting

aside overtime, they were paid the same amount every week regardless of the hours

worked. Aside from bald speculation, they do not provide an example of an instance where they were paid less than their weekly salary for working less than 40 hours in a week. Thus, summary judgment in Defendants' favor is appropriate on this question as well.

## B. Presence of a Clear Mutual Understanding

It is likewise Defendants' burden to establish a clear mutual understanding between the parties that the employees were working on a salaried basis. The Sixth Circuit has indicated that such a burden is met in the following circumstances:

> the district court observed that [plaintiff] had signed and acknowledged the explanatory calculation form indicating that she understood the Fair Labor Standard Act's fluctuating work week method of overtime compensation, that [plaintiff's] claim was based on her post hoc self-serving assertion at trial, that [plaintiff] had presented no corroborating evidence whatsoever to support her asserted misunderstanding of the manner in which her rate of pay was calculated, and that her demeanor at trial discounted her credibility as a witness.

*Highlander v. K.F.C. Nat. Mgmt. Co.*, 805 F.2d 644, 648 (6th Cir. 1986).

The district court in that case had heard testimony at a bench trial. Here the court makes no determination as to witness credibility, but Plaintiffs Steven Trent, Roderick Smart, and Ebony Martin all signed acknowledgment forms explaining the method of calculation method. (Dkts. ##53-6, 53-7, 53-8.) Though it was attached to a previous filing without being included in Defendants' instant motion, it appears that Robert Hall also signed a copy of this acknowledgment form in 2006. (Dkt. #41-3, Pg. ID 714.) Jason Trent testified that he signed a verification form for an employee handbook containing the same language along with a statement indicating that he understood that the handbook outlined his "privileges and benefits, as well as [his] responsibilities and

10

obligations" as an employee. (Dkt. #53-5, Pg. ID 1200.) Each of the named Plaintiffs

except for Robert Hall also signed a copy of that statement (Dkt. #53-10, 53-11, 53-12,

53-13.) Similar to the circumstances in *Highlander* is the fact that Plaintiffs supply no

corroborating evidence to support their claims of confusion beyond their own post hoc

testimony. Indeed Plaintiffs, including Hall, do not dispute that they received the sheet

with the handbook explanation of how their wages were calculated or the

acknowledgment document.

They contend, through their own deposition testimony, only that no one verbally

explained this document to them and that they understood they were being paid

"straight time" at their normal hourly rate for overtime. The Sixth Circuit has held that in

FLSA cases, uncorroborated testimony by Plaintiffs operating on first-hand knowledge

is sufficient to create a genuine issue of material fact where that testimony is

inconsistent with Defendants' factual account. *Moran v. Al Basit LLC*, 788 F.3d 201, 205

(6th Cir. 2015). However, as explained *supra*, Plastipak's practice was consonant with

Plaintiffs' averred understanding. Employees were paid an overtime premium of 1.0

times their normal non-overtime rate, resulting in payments of at least double what the

FLSA mandates for overtime.

The law does not require Plaintiffs to be experts at calculating the fluctuating

workweek formula for employers to compensate them according to the method. Nor

does the law require employers to supplement written agreements with verbal

explanations. Instead, it only demands that the parties have a clear mutual

understanding "that the fixed salary is compensation (apart from overtime premiums) for

the hours worked each workweek, whatever their number, rather than for working 40

hours or some other fixed weekly work period[.]" 29 C.F.R. § 778.114(a). One must read

this with an understanding that, of course, the FLSA contemplates some manner of

overtime for additional hours. Put differently, the parties must understand that the

employee will not be docked pay for working less than 40 hours in a week. The

Department of Labor Letter Ruling Defendants attached to their brief explains:

> the Department's regulations do not require that the "clear and mutual
> understanding" extend to the method used to calculate overtime pay. . . .
> Rather, 29 C.F.R. § 778.114 only requires that the employees have a
> "clear and mutual understanding that they would be paid on a salary basis
> for all hours worked."

(Dkt. #53-17, Pg. ID 1311 (citations omitted).)

Plaintiffs point to nothing, either within their own testimony or without, suggesting

that they carried the mistaken belief–setting aside their vacation time argument

addressed above–that they would receive less than their normal salary for working less

than 40 hours in a week. Even drawing all inferences in favor of Plaintiffs, Defendants

have carried their burden of showing that a clear mutual understanding existed between

the parties. To hold otherwise would be to convert the "clear, mutual understanding"

requirement into an almost insurmountable hurdle on summary judgment. Summary

judgment on this question is also warranted.

### C. Department of Labor Audit

In an earlier opinion, this court stated that even assuming *arguendo* that the

Department of Labor had approved the company's pay program:

> Defendants have given this court no reason to believe Plaintiffs are
> unreasonable in asserting that the regulations have not been followed *with
> respect to the plaintiffs in this case*, nor have they shown that the court
> would necessarily be bound by the Department of Labor determination to
> which Defendants allude. . . . The court has not been presented with the

12

agency document or determination to which Defendants refer and cannot gauge its persuasive or precedential value at this point in the case.

(Dkt. #33, Pg. ID 586.) The same remains true today, though the court does not foreclose the possibility of Department of Labor determinations being dispositively persuasive, *see Heavenridge v. Ace-Tex Corp.*, No. 92-75610, 1993 WL 603201, at *4 (E.D. Mich. Sept. 3, 1993) ("Even though there appears to have been no mutual understanding, [defendant] is insulated from liability due to its reliance on the Department of Labor investigation and determination that it should pay [plaintiff] on a fluctuating workweek basis."). However, the question is moot at this time because the court will grant summary judgment for the reasons stated above.

### D. Non-Plastipak Defendants

The court has also previously had occasion to address the arguments advanced by Defendants as to the inclusion of Defendants other than Plastipak:

> It may be that there are several simultaneous employers who may be responsible for compliance with the FLSA. The remedial purposes of the FLSA require the courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications. In deciding whether a party is an employer, 'economic reality' controls rather than common law concepts of agency. . . . all of the Plastipak entities (Packing, Holdings, and Technologies) allegedly have the same or similar incorporators and resident agents . . . the overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.

(Dkt. #33, Pg. ID 585 (quotations and citations omitted).)

Defendants now offer that Plaintiffs have completely failed to supply any evidence that Plastipak Holdings, Inc., has ever served as their employer, that Plastipak Technologies, LLC is essentially an empty shell company without assets, and that Mr.

13

Young exerts no control over employees at Plastipak. Plaintiffs respond in their brief without citation to any evidence in the record that they believe Plastipak Holdings, Inc., is the sole shareholder of Plastipak Packaging, Inc., and that they believe further discovery will allow them to establish the role of Plastipak Technologies, LLC and Mr. Young in the employment of Plaintiffs. Whether, in light of the paucity of evidence prior to the close of discovery, it is simply too early to slam the door shut on Plaintiffs' efforts to make this inquiry, is also a moot question. Whatever conduct of Plastipak that Plaintiffs wish to attribute to the other Defendants, it cannot sustain a claim against them for the same reasons explained above. Therefore, the court will grant summary judgment as to these Defendants as well.

## IV. CONCLUSION

IT IS ORDERED that Defendants' Motion for Summary Judgment (Dkt. #53) is GRANTED. A separate judgment shall issue.

 s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 25, 2017


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 25, 2017, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522